THE NORMAN.*

(District Court, E. D. Pennsylvania. June 15, 1883.)

DEMURRAGE—CHARTER—VIS MAJOR.

Where the charter contained no express stipulation for demurrage, but provided that the cargo should be discharged in 2 days of 24 hours each, (Sundays and holidays excepted,) by cranes and winches and necessary power to be provided by the vessel, and, by agreement, horse and whip were substituted, by which 4 days were required to discharge, and the vessel having been detained 11 days, a libel was brought for 9 days' demurrage.

Held, under the circumstances, that respondent should be allowed four days for discharging, and one Sunday and also one day for delay, occasioned by ice in the harbor, and that the libelant should recover damages for five days' delay.

Hearing on Libel, Answer, and Depositions.

This was a libel for 9 days' demurrage, at $89.60 per day. The charter contained no express stipulation for demurrage, but provided that the vessel should be discharged of her cargo of iron in 2 days of 24 hours each, (Sundays and holidays excepted,) by cranes and winches and necessary power to be furnished by the vessel.

By agreement the vessel was discharged into lighters by horse and whip, and it appeared that 4 days of 10 hours each were required to discharge in this manner, and that the vessel had been detained in all 11 days.

The respondent claimed that the condition of the weather was such that the vessel could not have been sooner discharged by the means furnished, and claimed that, in the absence of an express stipulation in the charter, the measure of damages, if any, should be the actual loss sustained by libelant; that no actual loss had

*Reported by Albert B. Guilbert, Esq., of the Philadelphia bar.

been sustained by libelant, because the vessel, if unloaded during the time claimed for, could not have gone out on account of the ice in the harbor; but that, in any case, the amount should not exceed $12 per day, the rate of hire provided by the charter.

*Alfred Driver* and *J. Warren Coulston*, for libelant, cited:

*The M. S. Bacon*, 3 FED. REP. 344; *The Rebecca*, 4 FED. REP. 337, 342; S. C. 8 Weekly Notes Cas. 328.

*R. C. McMurtrie*, for respondent.

BUTLER, J. It is quite clear the libelant was unnecessarily detained, in unloading. Her failure to furnish cranes and winches, discharged the respondent from his undertaking (virtually) to unload in two days. He was entitled to as much time as was reasonably necessary under the circumstances. The ice was an obstruction calculated to impede the work and increase the time required for its performance, but it was not a justification for all the time occupied. Without discussing the testimony it is sufficient to say I am satisfied that an allowance of four days for the work (in the absence of cranes and winches) and an additional day for the hindrance in getting to and from the vessel, resulting from ice, is a reasonable estimate of the time required to discharge the cargo. This leaves the respondent liable to account in damages for the balance of time, five days, occupied,—one Sunday intervening. The extent of the damages must be ascertained by a commissioner.